ace

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-40151-JAR |
| | ) | |
| F. JEFFREY MILLER, | ) | |
| STEPHEN W. VANATTA, | ) | |
| HALLIE IRVIN, | ) | |
| JAMES SPARKS, | ) | |
| SANDRA JO HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER OVERRULING DEFENDANT VANATTA'S OBJECTION TO ORDER OF DETENTION

This matter comes before the Court on defendant Stephen W. Vanatta's "Appeal from Detention Order and Request for Hearing." (Doc. 73.) In this filing, defendant objects to Magistrate Judge Sebelius's Order of Detention. The Court held a hearing on this matter on March 1, 2007. After reviewing Judge Sebelius's Detention Order and the evidence presented to this Court at the March 1, 2007 hearing, the Court is now prepared to rule. For the reasons stated below, defendant's objection to his detention is overruled and denied.

### *Facts*

On November 29, 2006, Vanatta was charged, along with three co-defendants, in a twelve-count Indictment with conspiracy, bank fraud, engaging in monetary transactions in property derived from the unlawful activity of bank fraud, destruction of records in a federal investigation, corruptly influencing and attempting to influence a witness, and criminal

contempt.[1]  Vanatta initially appeared in front of Magistrate Judge O'Hara on November 30, 2006.  Judge O'Hara released Vanatta on his personal recognizance and ordered certain conditions of his release.[2]  One of the conditions of Vanatta's release was that he "shall not commit any offense in violation of federal, state or local law while on release in this case."[3]

On December 27, 2006, a grand jury returned a Superseding Indictment in this case, adding an additional defendant and charging all defendants with harassment of witnesses in *United States v. F. Jeffrey Miller, et al.*, Case No. 06-40068-JAR.[4]  On January 5, 2007, Magistrate Judge Sebelius held a detention hearing for Vanatta.  Upon hearing the evidence presented at the hearing and the arguments submitted by counsel, Judge Sebelius revoked Vanatta's pretrial release and ordered that Vanatta be detained.[5]  Judge Sebelius followed up his oral ruling at the hearing with a written order of detention.[6]  In that order, Judge Sebelius found that probable cause exists to believe that Vanatta unlawfully harassed a witness in Case No. 06-40068-JAR.  Judge Sebelius further found that Vanatta submitted false information to the Kansas Real Estate Commission and the Missouri Real Estate Commission in December 2006.  Judge Sebelius concluded that based on clear and convincing evidence, defendant is unlikely to abide by any condition or combination of conditions of release which would reasonably assure that the defendant would not pose a danger to the safety of another person or the community.  Therefore,

---

[1](Doc. 1.)

[2](Doc. 7.)

[3](*Id.* at 1.)

[4](Doc. 39.)

[5](Doc. 53.)

[6](Doc. 56.)

Judge Sebelius ordered that Vanatta be detained.

This Court held a hearing on Vanatta's objection to Judge Sebelius's Order of Detention on March 1, 2007.  At that hearing, the government presented evidence of Vanatta's past criminal convictions for writing bad checks in Johnson County, Kansas.[7]  In 1987, Vanatta pled guilty to a misdemeanor.  In 1998, he pled guilty to a felony.  In 2003, Vanatta pled guilty to another misdemeanor for writing worthless checks.  In 2004, Vanatta was again convicted of a felony for writing bad checks, and he was placed on probation.  During that probation period, Vanatta passed another bad check, and his probation was revoked on July 29, 2005.  Vanatta was ordered to serve 60 days of "shock time" in custody.  His probation ended on July 25, 2006.

On February 27, 2006, the Kansas Real Estate Commission received Vanatta's application for a real estate license.[8]  The application asks: "Have you ever been convicted of a criminal offense or is there any criminal charge now pending against you (other than minor traffic violations)?"  The question notes that it includes misdemeanors.  Vanatta checked the box labeled "no."  At that time, Vanatta was still serving probation for his 2004 felony conviction for writing a bad check.  Vanatta signed the application under a provision stating: "I hereby certify that the information provided in this application is true and correct and that the Kansas Real Estate Commission may rely on its truthfulness."  It is a felony offense under Kansas law to make any written instrument with the knowledge that such information falsely states or represents some material matter with intent to induce official action.[9]

---

[7](Exs. 1 & 2.)

[8](Ex. 10.)

[9]K.S.A. § 21-3711; (Ex. 25).

On November 14, 2006, Vanatta filled out an application for a real estate license in the State of Missouri.[10]  The application asks: "Have you ever been finally adjudicated and found guilty or entered a plea of guilty or nolo contendere, in a criminal prosecution in this state, or any other state, or of the United States, whether or not sentence was imposed?"  The question notes, in bold face type, that this question includes suspended imposition and execution of sentence and alcohol related offenses such as driving while intoxicated.  To this question, Vanatta checked the box labeled "no."  Vanatta signed the application under a provision that states: "I hereby attest and affirm that the information provided in this application is true and correct to the best of my knowledge and belief, and I understand that if this information is not true and correct, I am subject to the penalties of making a false affidavit."  The Missouri Real Estate Commission received Vanatta's application on November 29, 2006, but returned the application because it was not complete.[11]  Vanatta resubmitted his application, and it was received by the Missouri Real Estate Commission on December 18, 2006.  The Missouri Real Estate Commission's Statutes and Rules provide that a person who knowingly violates any provision of sections 339.010 to 339.180 of those rules shall be guilty of a class B misdemeanor.[12]

On December 20, 2006, the Missouri Real Estate Commission received a letter from Vanatta.[13]  In this letter, Vanatta notified the Commission that he had failed to disclose on his

---

[10](Ex. 6.)

[11](Ex. 8.)

[12]Mo. Rev. Stat. § 339.170;  (Ex. 24.)

[13](Ex. 7.)

4

application his 2004 felony conviction for writing bad checks.  However, Vanatta neglected to disclose his other three convictions for writing bad checks and he failed to mention the pending Indictment against him in this case that was returned on November 29, 2006.  On December 22, 2006, the Kansas Real Estate Commission received an identical letter from Vanatta,[14] disclosing his 2004 felony conviction but neglecting to mention his other three convictions or the pending Indictment in this case.

At the March 1, 2006 hearing, the government also presented evidence to this Court that Vanatta, following his release on conditions in November 2006, was marketing real estate on behalf of F. Jeffrey Miller.  Nancy Brown, a Special Agent with the United States Department of Housing and Urban Development, took pictures of properties in the Greystone Subdivision near Joplin, Missouri with signs indicating that the properties were for sale or lease and listing two phone numbers.[15]  These two numbers were also listed in a newspaper advertisement marketing properties for sale in the JOPLIN GLOBE on January 4, 2007.  Brown testified in front of Judge Sebelius that when she called both of these numbers, Vanatta answered the phone.[16]

Vanatta proffered that the houses offered for sale were properties that Vanatta had an ownership interest in and therefore he was allowed to sell such properties without a license, and he did not represent himself as a realtor for the sale of these homes.[17]  According to a Corporation Warranty Deed, the lots in the Greystone Subdivision were sold on March 8, 2006

---

[14](Ex. 9.)

[15](Exs. 11–14.)

[16](Doc. 64 at 23–24.)

[17](Doc. 87 at 3.)

to Dutch Custom Homes, L.L.C.[18]  The Certificate of Organization filed with the State of

Missouri for Dutch Custom Homes, L.L.C. lists co-defendant F. Jeffrey Miller as an organizer of

the company.[19]  Vanatta's name is no where listed on this document.

      The government also presented the testimony of Nancy Brown regarding the allegations

that Vanatta unlawfully harassed a witness in Case No. 06-40068-JAR.  At the January 5, 2007

detention hearing in front of Judge Sebelius, Brown testified to this matter.[20]  In Case No. 06-

40068-JAR, two home buyers, Rick and Ginger Hayes, were allegedly defrauded by defendants.

After about June 27, 2006, another agent reported to Brown that the Hayeses had informed the

agent of a threat made against them.  At that time, the Hayeses did not know the individual who

made the threat.  On December 4, 2006, Vanatta appeared before Magistrate Judge Sebelius for

arraignment proceedings.  The Hayeses attended that hearing and recognized Vanatta as the man

who had made the threat.  Brown testified to Ginger Hayes' description of the alleged threat.

Ginger Hayes stated that she was pulling her children in a wagon around the subdivision when a

black Navigator, with two occupants, pulled up to her.  She identified one of the occupants as

Vanatta who told her that if she showed up in Topeka, she would not make it back home.  In a

proffer to this Court, Vanatta denies making any threats to these individuals.  Further, he

maintains that he was never in that subdivision for his work or any other reason.

### *Applicable Law*

      Under 18 U.S.C. § 3145(b), a person, who has been ordered detained by a magistrate

---

[18](Ex. 17.)

[19](Ex. 18.)

[20](Doc. 64 at 35–38.)

judge, may file a motion for revocation or amendment of that order.  The statute requires the

court to determine the motion promptly.  This Court's review of the magistrate judge's decision

to release defendant pending trial is *de novo*.[21]  A district court must "make its own

determination if pretrial detention is proper or set conditions of release" and "ultimately decide

the propriety of detention without deference to the magistrate judge's conclusion."[22]

A person who has been released under 18 U.S.C. § 3142 and who violates a condition of

that release "is subject to a revocation of release, an order of detention, and a prosecution for

contempt of court."[23]  18 U.S.C. § 3148(b) provides that:

> The judicial officer shall enter an order of revocation and detention
> if, after a hearing, the judicial officer—
>> (1) finds that there is—
>>> (A) probable cause to believe that the person has
>>> committed a Federal, State or local crime while on
>>> release; or
>>> (B) clear and convincing evidence that the person
>>> has violated any other condition of release; and
>> (2) finds that—
>>> (A) based on the factors set forth in section 3142(g)
>>> of this title, there is no condition or combination of
>>> conditions of release that will assure that the person
>>> will not flee or pose a danger to the safety of any
>>> other person or the community; or
>>> (B) the person is unlikely to abide by any condition
>>> or combination of conditions of release.

Therefore, before a court may revoke a defendant's release, it must find: "(1) that there is

probable cause that the defendant committed a crime while on release or clear and convincing

---

[21]*Gee v. Estes*, 829 F.2d 1005, 1008 (10th Cir. 1987) (citation omitted).

[22]*United States v. McNeal*, 960 F. Supp. 245, 246 (D. Kan. 1997) (citing *United States v. Carlos*, 777 F. Supp. 858, 859 (D. Kan. 1991); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)).

[23]18 U.S.C. § 3148(a).

evidence that the defendant violated any other condition of release; and (2) that either no condition or combination of conditions will assure that the defendant will not pose a danger to any other person or the community or that the defendant is unlikely to abide by any condition or combination of conditions [of] release."[24]

In determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community, the judicial officer must consider the factors found in 18 U.S.C. § 3142(g).  Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[25]

Additionally, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."[26]  Probable cause under this statue "requires only that the facts available to the judicial officer 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail."[27]  "Once the presumption under that section

---

[24]*McNeal*, 960 F. Supp. at 246–47 (citing *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990)).

[25]18 U.S.C. § 3142(g).

[26]18 U.S.C. § 3148(b).

[27]*United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989) (quoting *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986)).

8

comes into play, the burden of production . . . shifts to the defendant."[28]  "The burden of production is not heavy but in order to rebut the presumption, the defendant must produce some evidence."[29]  If the burden of production is met, "the presumption does not disappear, but rather remains as a factor for consideration in the ultimate release or detention determination."[30]

*Discussion*

The Court finds that it was appropriate for Judge Sebelius to revoke Vanatta's release and order his detention.  First, the Court finds that there is probable cause that Vanatta committed a crime while on release.  The government has brought forth evidence that Vanatta filed false information in December 2006 with both the Missouri Real Estate Commission and the Kansas Real Estate Commission.  In his original applications for licences with both of these commissions, Vanatta failed to disclose his criminal history.  Vanatta has proffered that he did not think that he needed to disclose his prior convictions for writing bad checks because none of these convictions showed up on a computer records search of the Johnson County, Kansas court system.  However, in December 2006, Vanatta decided to disclose his 2004 conviction in a letter sent to both the Missouri Real Estate Commission and the Kansas Real Estate Commission.  While Vanatta has proffered that he was not trying to hide his other convictions, the Court rejects such contention when Vanatta clearly disclosed half-truths in December 2006.  In these letters, Vanatta failed to list any of his other convictions and, moreover, he did not reveal the

---

[28]*Id.* at 1162 (citing *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1478 (11th Cir. 1985)).

[29]*Id.* (citing *Dominguez*, 783 F.2d at 707; *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985)).

[30]*Id.* (citing *Jessup*, 757 F.2d at 383–84).

pending Indictment against him in this case.  Vanatta's partial disclosures to the Missouri Real
Estate Commission and the Kansas Real Estate Commission in December 2006 were material
misrepresentations of the truth, which violated both Kansas and Missouri law.[31]

Further, Vanatta was marketing property at that time in Missouri, although he had an
invalid real estate license obtained on misrepresentations of his criminal history.  Vanatta has
proffered that he did not need a real estate license because he had an ownership interest in this
property, and therefore he was not acting as a real estate agent.  However, the government had
provided evidence that this property was owned by Dutch Custom Homes, LLC, organized by F.
Jeffrey Miller, and there is no indication that Vanatta had an ownership interest in these
properties.

Second, the Court, considering all of the factors listed above, finds that defendant cannot
rebut the presumption that no condition or combination of conditions will assure that Vanatta
will not pose a danger to the safety of any other person or the community, which arises when
there is probable cause that defendant committed a felony.[32]  "The term 'safety of the
community,' as used in 18 U.S.C. § 3148, encompasses not only the threat of physical violence
but also the danger of the defendant putting the community at risk by engaging in criminal
activity."[33]  There is evidence that Vanatta  engaged in criminal activity while on release in this
case, and the Court is not convinced that Vanatta could refrain from such activity if he were

---

[31]The government also asserts that Vanatta's false representations to the Missouri Real Estate Commission
and the Kansas Real Estate Commission were violations of federal mail fraud law.  *See* 19 U.S.C. 1341.  The Court
declines to address whether there is probable cause that Vanatta violated this law as well.

[32]Under K.S.A. § 21-3711, it is a felony offense to make any written instrument with the knowledge that
such information falsely states or represents some material matter with intent to induce official action.

[33]*United States v. McNeal*, 960 F. Supp. 245, 247 (D. Kan. 1997) (citing *Cook*, 880 F.2d at 1161).

released again.

Importantly, the Court also finds that detention is appropriate considering the nature and circumstances of the offense charged.  In this case, Vanatta has been charged in the Superseding Indictment with a crime of violence, the harassment of witnesses in Case No. 06-40068-JAR.[34] While Vanatta denies making this threat, the government provides evidence to support this allegation through Nancy Brown's testimony to Judge Sebelius.  Ginger Hayes described the alleged threat to Brown, and she identified Vanatta as the person who threatened her.  The Court finds that because Vanatta is charged with a crime of violence, this is another reason that detention is appropriate in this case.

For all of the reasons stated above, the Court finds that the government has shown that there is no condition or combination of conditions that will ensure the safety of the community. Accordingly, the Court affirms Magistrate Judge Sebelius's Order of Detention and overrules Vanatta's appeal.

**IT IS THEREFORE ORDERED BY THE COURT** defendant Stephen W. Vanatta's "Appeal from Detention Order and Request for Hearing" (Doc. 73) is overruled and denied.

**IT IS SO ORDERED**.

Dated this 12th    day of March 2007.

 S/ Julie A. Robinson                           
Julie A. Robinson
United States District Judge

---

[34]Under 18 U.S.C. § 3156(a)(4)(B), the term 'crime of violence"includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."