kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 06-40151-JAR |
| | ) |
| **F. JEFFREY MILLER,** | ) |
| **STEPHEN W. VANATTA,** | ) |
| **HALLIE IRVIN, AND** | ) |
| **SANDRA JO HARRIS,** | ) |
| | ) |
| **Defendants.** | ) |
| _____) | |

## MEMORANDUM AND ORDER

The Court now considers defendant Stephen W. Vanatta's Renewed Motion for Pretrial Release (Doc. 164). For the reasons set forth below, defendant's motion is denied.

**Procedural History**

The facts are recited in the Court's March 12, 2007 Order Overruling Vanatta's Objection to Order of Detention (Doc. 96). The Court incorporates that order herein and relies upon it by reference in ruling on the instant motion. Vanatta was arrested along with three other co-defendants for acts resulting from alleged mortgage fraud. He was charged with conspiracy, bank fraud, engaging in monetary transactions in property derived from the unlawful activity of bank fraud, and destruction of records in a federal investigation. In his initial appearance, Vanatta was released on certain conditions pending trial. One condition was that he not engage in criminal activity.

Subsequently, on December 27, 2006, Vanatta was indicted on charges of witness harassment. Magistrate Judge Sebelius revoked Vanatta's pretrial release and ordered him

detained.  Vanatta appealed and this Court found that there was probable cause to believe that Vanatta harassed a witness, and that he submitted false information to the Kansas Real Estate Commission and the Missouri Real Estate Commission.  Vanatta appealed the decision to the Tenth Circuit Court of Appeals and was denied relief.  To date, Vanatta has been in custody for over ten months.

**Discussion**

"[A]t some point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by [18 U.S.C.] section 3142."[1]  "Prolonged pretrial detention may become excessive and consequently punitive so as to violate the person's right to due process afforded by the Fifth Amendment."[2]  When determining whether a defendant's detention implicates due process, a court should consider "(1) the length of detention; (2) the extent of the prosecution's responsibility for the delay of trial; and (3) the strength of the evidence upon which the detention was based."[3]

While the Court should consider the length of detention in its determination, "[l]ength of a detention alone will rarely offend due process,"[4] even though that fact weighs in defendant's favor.[5]  Vannata argues that his detention for over ten months thus far and continuing detention

---

[1] *United States v. Cos*, 198 Fed. App'x 727, 732 (10th Cir. 2006) (quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986)).

[2] *United States v. Shareef*, 907 F. Supp. 1481, 1484 (D. Kan. 1995) (citing *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986)).

[3] *Cos,* 198 Fed. App'x at 732 (citing *United States v. Millan*, 4 F.3d 1038, 1043–1047 (2d Cir. 1993)).

[4] *Shareef*, 907 F. Supp. at 1484 (citing *Millan*, 4 F.3d at 1044).

[5] *Millan*, 4 F.3d at 1044.

until trial, estimated between four and eight months, could subject him to detention for eighteen months. That length of detention, however, is not dispositive. Indeed, some courts have upheld pretrial detentions that double Vanatta's estimated eighteen months.[6]

On the second prong, Vanatta presents no argument that delay has been caused by the government, perhaps in light of the fact that a substantial amount of time has been spent in discovery and in the filing of motions. The government asserts that the length of Vanatta's detention is a result of the many motions filed by Vanatta and his co-defendants. The government notes, and this Court agrees, that Vanatta and his co-defendants have caused many of the delays in this case. Indeed, as of October 17, 2007, there are eighteen motions pending before the Court, most of which Vanatta has joined. Additionally, defendants, including Vanatta, have not reviewed all the discovery documents the government has provided, claiming that it was a financial burden to obtain discovery. These are factors over which the government has no control and weigh in favor of continued detention.

When considering the strength of the evidence on which detention was based, the court must apply the factors delineated in 18 U.S.C. § 3142(g).[7] Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[8] For the same reasons mentioned in

---

[6] *See United States v. Melendez-Carrion,* 820 F.2d 56, 60-61 (2d Cir. 1987) (thirty-two month projection upheld).

[7] *Shareef*, 907 F. Supp. at 1485.

[8] 18 U.S.C. § 3142(g).

the March 12, 2007 Order, this Court concludes that the strength of the evidence on which Vanatta's detention is based is persuasive. And accordingly, his continued detention does not violate the Due Process Clause, as he and the other defendants are primarily responsible for his prolonged detention. In addition, as Vanatta has not offered this Court any new evidence, but instead has rehashed his prior assertions, the Court finds that no condition or combination of conditions will ensure the safety of the community.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Stephen W. Vanatta's Renewed Motion for Pretrial Release (Doc. 164) is **DENIED**.

**IT IS SO ORDERED**.

Dated this  29th  day of November 2007.

 S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**