kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-40151-JAR |
| | ) | |
| F. JEFFREY MILLER, | ) | |
| STEPHEN W. VANATTA, | ) | |
| HALLIE IRVIN, AND | ) | |
| SANDRA JO HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

The Court now considers defendant Vanatta's Motion to Reconsider Order Denying Pretrial Release and for Imposition of Conditions for Pretrial Release and Request for Oral Argument (Doc. 177). On June 23, 2008, the Court heard defendant's arguments and is now ready to rule. For the reasons stated below, defendant's motion for reconsideration is denied.

**Background**

Defendant Vanatta was indicted for conspiracy, bank fraud, engaging in monetary transactions in property derived from the unlawful activity of bank fraud, and destruction of records in a federal investigation. These charges relate to an alleged mortgage fraud committed by Vanatta and three co-defendants. In his initial appearance, Vanatta was released on certain conditions pending trial, including a condition that he not engage in criminal activity.

Subsequently, on December 27, 2006, a Superseding Indictment was filed charging Vanatta with witness harassment. Magistrate Judge Sebelius revoked Vanatta's pretrial release and ordered him detained, finding that there was credible evidence to believe that he harassed a

witness and further that he had submitted false information to the Kansas Real Estate Commission and Missouri Real Estate Commission.  Vanatta appealed and this Court, upon *de novo* review, found that there was probable cause to believe that Vanatta had harassed witnesses and submitted false information to the two real estate commissions; and that Vanatta should be detained pending trial.  Vanatta appealed the decision and the Tenth Circuit Court of Appeals denied relief.

On November 29, 2007, the Court denied Vantta's Renewed Motion for Pretrial Release (Doc. 164).  The Court concluded that Vanatta's prolonged detention did not violate his Due Process right under the Fifth Amendment.  Specifically, the Court found that although his detention was prolonged (ten months at the time of filing the motion), most of the delay occurred because of defendants' excessive filing of motions; and Vanatta had joined in most of these motions.  Additionally, the Court noted that defendants, including Vanatta, had not completed review of all the discovery in the case.  Finally, the Court considered the strength of the evidence on which detention was based and concluded that the evidence was more than sufficient to detain Vanatta.

**Discussion**

Vanatta argues that the Court applied the wrong standard when deciding his Renewed Motion for Release (Doc. 164).  He asserts that instead of analyzing whether conditions exist to reasonably assure the safety of the community under 18 U.S.C. § 3142(g), the Court incorporated by reference its analysis from its March 12, 2007 Order (Doc. 96), which analyzed, based on the factors in 3142(g), whether there were conditions or a combination of conditions of release that would assure the appearance and safety of the community.  Vanatta is correct, but

2

the Court finds that under the facts at hand, it is inconsequential which standard was used to analyze Vanatta's claim.

###    A.    Motion to Reconsider Detention

"The general rule at common law in both civil and criminal cases was that a court could modify, vacate, or set aside orders previously entered by that court through mistake or inadvertence provided, however, such reconsideration occurred in the term of the court during which the orders were made."[1]  There is no specific rule in the Federal Rules of Criminal Procedure providing for reconsideration of a ruling on a criminal matter.  "Where the Rules of Criminal Procedure do not speak specifically to a matter, a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure."[2]

A motion to reconsider is not a second chance device; it must be based on an intervening change in the controlling law or the availability of new evidence, or it must be required to correct clear error or prevent manifest injustice.[3]  A motion to reconsider is not appropriate if the movant wants to rehash old arguments or to present new arguments and facts that could have been presented initially.[4]  Whether to grant a motion to reconsider is within the Court's discretion.[5]

In Vanatta's supplemental memorandum and during the oral arguments, he repeatedly

---

[1]*United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985); *see also United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000).

[2]*United States v. Morrison*, 521 F. Supp. 2d 246, 251-52 (E.D.N.Y. 2007); *United States v. Srivastava*, 476 F. Supp. 2d 509, 511 (D. Md. 2007); *see also United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999).

[3]*D'Armond*, 80 F. Supp. 2d at 1170.

[4]*Id.* at 1171.

[5]*Id.*

3

referred to issues previously decided by this Court and affirmed by the Tenth Circuit Court of

Appeals.[6]  Believing that the Court did not make the standard clear in its prior order, the Court

will nonetheless entertain defendant's motion to reconsider his Due Process arguments.

### B.     Due Process

There is no bright line test to determine if the length of pretrial detention violates due

process.[7]  Rather, the courts must conduct a case-by-case analysis when confronted with a

pretrial detention that is prolonged.[8]  "[A]t some point due process may require a release from

pretrial detention or, at a minimum, a fresh proceeding at which more is required of the

government than is mandated by [18 U.S.C.] section 3142."[9]  "Due Process requires that a

pretrial detainee not be punished prior to a lawful conviction."[10]  "Prolonged pretrial detention

may become excessive and consequently punitive so as to violate the person's right to due

process afforded by the Fifth Amendment."[11]  When determining whether a defendant's

detention implicates due process, a court should consider "(1) the length of detention; (2) the

---

[6]*United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (stating that defendant was not permitted to reopen detention order to provide evidence that could have been provided at the previous hearing); *United States v. Haven*, 487 F. Supp. 2d 335, 339 (W.D.N.Y. 2007) (reopening detention hearing must be based on information that was not known to the movant at the time of the initial hearing and is material to the issue of pretrial detention); *United States v. Alonso*, 832 F. Supp. 503, 504 (D. Puerto Rico 1993) (same).

[7]*United States v. Gonzales*, 995 F. Supp. 1299, 1303 (D.N.M. 1998) (citing *United States v. Ojeda*, 846 F.2d 167, 169 (2d Cir. 1998)).

[8]*United States v. Shareef*, 907 F. Supp. 1481, 1484 (D. Kan. 1995); *United States v. Gallo*, 653 F. Supp. 320, 336 (E.D.N.Y. 1986).

[9]*United States v. Cos*, 198 Fed. App'x 727, 732 (10th Cir. 2006) (quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986)).

[10]*Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 (10th Cir. 2005).

[11]*Shareef*, 907 F. Supp. at 1484 (citing *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986)); *see also United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993).

extent of the prosecution's responsibility for the delay of trial; and (3) the strength of the evidence upon which the detention was based."[12]

To date Vanatta has been in custody for over 17 months, and trial is not scheduled to commence until Fall 2008 or early 2009. Thus, Vanatta is likely to be in custody for another three to six months. The length of detention alone, however, will rarely offend the Due Process Clause of the Fifth Amendment.[13] Indeed, courts have found periods of thirty months or more valid under the Fifth Amendment.[14]

As to delay, the government submits that most of the delay has been caused by the number of motions that defendants have filed and that Vanatta has joined. Moreover, discovery in this case consists of thousand of documents and reports and an onslaught of evidence. In fact, even after the previous motions deadline, defendants had not reviewed all the discovery in this case. Finally, defendant himself has caused some delay. After filing this motion for reconsideration, the Court set the motion for a hearing in April. Defendant then moved to continue the hearing until June, almost two months later. Thus, defendant cannot argue that most of the delay has been caused by the government; indeed, "one cannot engage in trench warfare and then claim that the battle is taking too long."[15]

When considering the third prong, the strength on which detention was based, the Court

_____

[12]*Cos,* 198 Fed. App'x at 732 (citing *United States v. Millan,* 4 F.3d 1038, 1043–47 (2d Cir. 1993)).

[13]*United States v. El-Hage,* 213 F.3d 74, 79 (2d Cir. 2000).

[14]*See, e.g., Millan,* 4 F.3d at 1044 (thirty to thirty-one months valid detention); *United States v. Gonzales,* 995 F. Supp. 1299, 1303 (D.N.M. 1998) (detention for approximately thirty-five to thirty-seven months does not violate Due Process)*; United States v. Falcon,* 930 F. Supp. 1518, 1522 (S.D. Fla. 1996) (fifty-two month confinement before trial valid).

[15]*United States v. Warneke,* 199 F.3d 906, 909 (7th Cir. 1999) (finding that the delay was attributable to defendants' filing of motions).

must weigh the factors set forth in 18 U.S.C. § 3142(g)[16] and the strength of the evidence on which defendant's bond was revoked.[17]  Under § 3142(g), the Court must consider whether "release conditions exist that will reasonably assure the appearance of defendant at trial and the safety of the community."[18]  The statute requires consideration of "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual."[19]

In reviewing the nature and circumstances of the offense charged, the Court notes that defendant was initially charged with a number of offenses dealing with mortgage fraud, money laundering, and the destruction of records pertinent to a federal investigation.  Subsequently, defendant was charged with harassment of a witness in an ongoing criminal investigation.  Based on the charges found by the grand jury, defendant could serve up to thirty years in prison if convicted.  Furthermore, one of the allegations is that defendant harassed a witness, a crime of violence.  This factor weighs in favor of continued detention.

Regarding the weight of the evidence against defendant, the Court assumes that the government intends to provide witness testimony, including the testimony of co-conspirators.  Additionally, the government intends to provide the testimony of the witness who was allegedly

---

[16]*Shareef*, 907 F. Supp. at 1485.

[17]*See, e.g., El-Hage*, 213 F.3d at 79 (considering evidence of risk of flight and dangerousness under the third prong); *Millan*, 4 F.3d at 1043 (same).

[18]*United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

[19]*Id.*

harassed.  Throughout discovery, the government has turned over a great volume of documents tending to show that the alleged crimes that took place.  This factor also weighs in favor of continued detention.

The Court should also consider defendant's history and community ties.  Defendant has no mental problems nor is he dependent on any narcotics.  He has close family ties and would likely find some employment if he were released.  However, defendant was on bond at the time he allegedly harassed witnesses and allegedly lied on two separate applications to the Kansas Real Estate Commission and the Missouri Real Estate Commission.  Those applications asked specifically if defendant had been convicted of a felony and he responded "no" despite his prior convictions.  Magistrate Judge Sebelius, this Court, and the Tenth Circuit Court of Appeals found that there was clear and convincing evidence that defendant had harassed a witness while on bond and that he had lied on two separate applications.  As is evidenced by defendant's actions while on release, he is a danger to the community.[20]  Therefore, the last factor weighs in favor of continued detention.

Finally, the Court should also consider the strength of the evidence on which defendant's bond was revoked.  During the initial hearing, Magistrate Judge Sebelius found the evidence that defendant had committed a number of crimes on pretrial release was substantial.  Judge Sebelius noted that defendant had not only lied on applications to two different state agencies under penalty of perjury and subsequently failed to report all his prior convictions even after

---

[20]"Protection of witnesses is fundamental to the proper administration of justice."  *See United States v. Gallo*, 653 F. Supp. 320, 331-32 (E.D.N.Y. 1986).  The Constitution permits the detention of a defendant where there is proof that the defendant obstructed justice through witness intimidation.  *Id.* (citing *Carbo v. United States*, 82 S. Ct. 662, 668 (1962)).  Recognizing this, section 3142(f)(2)(B) gives judges the authority to deny bail where there is proof of threat to a prospective witness. *Id.* at 332-31(citing 18 U.S.C. § 3142(f)(2)(B)).

confessing certain convictions in his past,[21] but also that defendant had harassed a witness.  The witness testified that she saw defendant and that she recognized his vehicle at the time of the alleged harassment.  To this end, judge Sebelius found that there was enough evidence on which to revoke defendant's pretrial release.[22]  Upon *de novo* review, this Court agreed.

**IT IS THEREFORE ORDERED** that Defendant Vanatta's Motion to Reconsider Order Denying Pretrial Release and for Imposition of Conditions for Pretrial Release and Request for Oral Argument (Doc. 177) is DENIED.

**IT IS SO ORDERED.**

Dated this 15th day of July 2008

 S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[21]During the hearing, defendant argued that there was new evidence showing that he did not know or understand that he was lying on the applications to the commissions.  Defendant cites to documents he received with his real estate training manuals explaining that crimes of mortgage fraud or crimes dealing with real estate needed to be disclosed in the applications.  Defendant makes the unpersuasive argument that he followed the recommendations of that document and the advice of a friend when he failed to answer yes to a fairly simple and straightforward question on the Kansas application: "Have you ever been convicted of a criminal offense or is there any criminal charge now pending against you?"  On the Missouri application, it asks "Have you ever been finally adjudicated and found guilty or entered a plea of guilty or nolo contendere, in a criminal prosecution in this state, or any other state, or of the United States . . . ?"  Defendant answered no to both questions.

[22]During the hearing defendant forwarded what he contended to be new evidence under D. Kan. Rule 7.3.  First he argued that he could not have been the one identified by the witness because during the in court identification, the witness pointed to defendant as the one with the hairy arms and defendant was wearing a suit.  Second, defendant was photographed at the lake on July 1, the date of the alleged harassment.  Third, the witness's identification of a vehicle similar to defendant's could not have been his because his vehicle was in the shop and his vehicle's odometer revealed that his car could not have traveled the specified distance to the witness's home and back to his home.  None of this is new evidence under Rule 7.3.