kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|      ) | |
| **Plaintiff,**      ) | |
|      ) | |
| vs.      ) | **Case No. 06-40151-JAR** |
|      ) | |
| **F. JEFFREY MILLER,**      ) | |
| **STEPHEN W. VANATTA,**      ) | |
| **HALLIE IRVIN, AND**      ) | |
| **SANDRA JO HARRIS,**      ) | |
|      ) | |
| **Defendants.**      ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

The Court now considers defendant Vanatta's Motion for Immediate Release From

Pretrial Detention (Doc. 247).  All other defendants have joined in the motion.  For the reasons

below and reasons detailed in the Court's Orders (Doc. 170 and 201), defendants' motion is

denied.

**Discussion**

The Court incorporates by reference Docs. 96, 170, and 201.  Since those orders have

been published, and a few days before trial, the government moved to dismiss Count 7 of the

Second Superseding Indictment charging defendants F. Jeffrey Miller, Stephen Vanatta, Hallie

Irvin, and Sandra Joy Harris with harassment of persons in violation of 18 U.S.C. § 1512(d)(1).

Vanatta, relying on his previous motions, maintains that there are conditions or combinations of

conditions that will assure the safety of the community.[1]  In his motion (Doc. 247), Vanatta

---

[1] 18 U.S.C. § 3142(e).

argues that because he is no longer "charged" with a crime of violence, there is no rebuttable

presumption that he should be detained.  He asserts that release on conditions would give him

the ability to perform meaningfully in his defense and to discuss tactics with co-defendants.  Co-

defendants argue that release would enable all defendants to interact meaningfully without the

eye of the Marshal Service.[2]

In the previous Orders, the Court found that there was clear and convincing evidence that

Vanatta had harassed a witness in Case No. 06-40068.  Just because the charges have been

dismissed does not mean the evidence of his harassment of witnesses in another pending case has

dissipated.[3]  Additionally, after weighing defendants' concerns, the Court is not convinced that it

should risk the safety of the community in order to make more convenient, Vanatta's contacts

with his co-defendants.  Indeed, the Court has accommodated much of Vanatta's request for

opportunities to discuss tactics with co-defendants during this trial.

Nonetheless, Vanatta insists that there are conditions that can be imposed on him that

will assure the safety of the community.  The Court disagrees.  Defendant was charged with a

crime of violence for his alleged harassment of witnesses in a pending criminal case before this

Court, a case that charges a separate conspiracy involving similar activities and transactions by

co-defendants Jeffrey Miller and other defendants not charged in this case.  Even if the Court

---

[2]To accommodate Vanatta and co-defendants, the Court has allowed, along with guidance from the Marshal Service, defendants to meet with each other throughout the trial.  Defendants argue, however, that because the watchful eye of the Marshals must follow Vanatta, the Marshals are privy to attorney-client information; as a result, there is a "chilling" effect on their discussions.

[3]*See, e.g., United States v. Hightower*, 203 F.3d 836, No. 00-1002, 2000 WL 136813, at *2 (10th Cir. Feb. 7, 2000) (stating that just because the weight of evidence showing defendant's danger to the community has abated does not mean that defendant's dangerousness to the community has changed).

were to impose a condition of house arrest[4] with electronic monitoring, the Court is not

convinced that this would alleviate the risk of safety to the community.  Even from home, the

defendant could harass witnesses by phone, or again engage in a number of activities that were

prohibited under the terms of the bond initially set in Case No. 06-40068.[5]  Given this

defendant's violation of bond conditions set in that case, and given the nature of his violation,

including harassment of witnesses, electronic monitoring of the defendant's movements simply

would not reasonably assure the safety of the community.  Nor would any other condition or

combination of conditions.  Accordingly, defendants' motion for immediate release is denied.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Immediate Release

From Pretrial Detention (Doc. 247) is denied.

**IT IS SO ORDERED.**

Dated:  November 24, 2008

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4]With exceptions for court appearances and meetings with counsel.

[5]*Compare United States v. Emmons*, No. 08-30670, 2008 WL 4411444, at *3 (5th Cir. Sept. 29, 2008) (finding that the probation office could not prevent defendant from accessing another computer and endangering another child).