kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 06-40151-JAR |
| ) | |
| **F. JEFFREY MILLER,** ) | |
| **STEPHEN W. VANATTA,** ) | |
| **HALLIE IRVIN, AND** ) | |
| **SANDRA JO HARRIS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Defendant Stephen W. Vanatta filed a Motion to Dismiss (Doc. 236) for Speedy Trial Clock Violation, claiming that more 230 days has lapsed.

Generally, the Speedy Trial Act, 18 U.S.C. 3161, requires that a defendant be brought to trial within seventy days of the filing of the indictment or from the date the defendant first appears before a judicial officer.[1] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[2] The Speedy Trial Act, title 18, section 3161(h)(1)(F) of the United States Code, excludes from the seventy day requirement, periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the

---

[1] 18 U.S.C. § 3161(c)(1); *United States v. Mora*, 135 F.3d 1351, 1354 (10th Cir. 1998).

[2] *United States v. Saltzman*, 948 F.2d 1087, 1090 (10th Cir. 1993) (citing *United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990), *cert. denied*, 500 U.S. 906 (1991)).

hearing on, or other prompt disposition of, such motion."[3]  Under section 3161(h)(1)(J), periods of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" are also excluded.[4]  The Supreme Court has reasoned that subsection (F) excludes the period between filing a motion and the conclusion of the hearing of the motion, after which, the district court has thirty days to decide the motion.[5]  Where a motion does not require a hearing and can be decided on the papers, the maximum period of delay is thirty days.[6]  Accordingly, where a motion "does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement."[7]

After reviewing the briefs provided and the Speedy Trial Clock calculations, the Court finds that not more than seventy days has expired from defendant's trial clock.  Accordingly, defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 236) is **denied.**

**IT IS SO ORDERED.**

Dated this 6th day of December 2008.

---

[3] 18 U.S.C. § 3161(h)(1)(F).

[4] *Id.* § 3161(h)(1)(J).

[5] *Henderson v. United States*, 476 U.S. 321, 329 (1986); *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007).

[6] *Williams*, 511 F.3d at 1048 (citing *Henderson*, 476 U.S. at 329).

[7] *Id.*

Dated:  December 8, 2008

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE