kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                       )<br>                        **Plaintiff,**         )<br>                                                       )<br>vs.                                                  )      **Case No. 06-40151-JAR**<br>                                                       )<br>F. JEFFREY MILLER,                    )<br>STEPHEN W. VANATTA,           )<br>HALLIE IRVIN, AND                     )<br>SANDRA JO HARRIS,                 )<br>                                                       )<br>                        **Defendants.**      )<br>_____)| |

## MEMORANDUM AND ORDER

Before the Court is defendant Stephen Vanatta's Motion for Release Pending Sentencing (Doc. 298) and Supplement filed on April 1, 2009. A hearing was held on May 4, 2009, at which time the Court took the matter under advisement. After review, the Court denies defendant's motion.

Defendant was charged in a thirteen count Superseding Indictment on December 27, 2006. On January 10, 2007, he was ordered detained by Magistrate Judge Sebelius, who found that there was credible evidence to believe that defendant harassed a witness and submitted false information to the Kansas Real Estate Commission and Missouri Real Estate Commission. He has been in custody since that date. At trial, defendant was found guilty of: Count 1, conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344; Count 2, bank fraud; Count 4, money laundering; Count 5, money laundering; Count 9, criminal contempt; and Count 10, criminal contempt. Sentencing in this matter is scheduled after August 10, 2009, the date of the post-trial motions hearing.

In the instant motion, defendant argues that he should be released pending sentencing because he has spent over twenty-eight months in custody, surpassing or equaling the sentence he can expect based on the convictions rendered against him. Specifically, he argues that if the Court considers the total alleged amount of funds defrauded under the sentencing guidelines, his time spent in custody thus far is roughly equal to the time he could expect to spend imprisoned.

Second, defendant argues that because the government was unable to prove, and in fact, dismissed the charges stemming from the alleged threat to witnesses, there is no basis to keep him in custody because he is not a danger to the community. Defendant argues that he conclusively proved that he was not in the location at the time the alleged threat took place.

Third, defendant argues that he is not a danger to the community as the government suggests and as the Court previously found because he has had access to telephones throughout the litigation and has not attempted to call or threaten any witnesses. He provides a long list of phone card records as proof.

**Discussion**

The relevant statute for the Court's discussion is 18 U.S.C. § 3143(a). That section provides that:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).[1]

There is a presumption that convicted defendants should be detained pending sentencing;

---

[1] 18 U.S.C. § 3143(a).

therefore, the burden is defendant's to meet.[2] Defendant must do more than offer blanket denial of the reasons for detention offered by the government. "[T[o secure [his] release pending sentencing, [defendant must] establish by clear and convincing evidence that [he would] not likely . . . flee or pose a threat to the community if released . . . ."[3] This standard requires defendant to show with a high degree of certainty that he would not flee or pose a danger to the community.[4] In evaluating defendant's proffered proof, the Court should analyze the issue relying on the factors enumerated in 18 U.S.C. § 3142(g).[5] Taking the factors into account, the

---

[2]*United States v. Nguyen*, No. 06-40079, 2008 WL 2497444, at * 1 (D. Kan. June 18, 2008) (citing *United States v. Ingle*, 454 F.3d 1082, 1084 (10th Cir. 2006)); *United States v. Vallone*, No. 04-372, 2008 WL 4087879, at *1 (N.D. Ill. Aug. 22, 2008).

[3]*United States v. Jones*, 979 F.2d 804, 805 (10th Cir. 1992).

[4]*United States v. Ross*, 730 F. Supp. 355, 357 (D. Kan. 1990) (citing *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985)).

[5]*Nguyen*, 2008 WL 2497444, at * 1 (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir.), *cert denied*, 488 U.S. 893 (1988)). Section 3142(g) sets forth the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Court finds that defendant has not met his burden of showing that he is not a flight risk or that he is not a danger to the community. First, defendant has been found guilty of serious crimes. A jury returned a guilty verdict as to Counts 1, 2, 4, 5, 9, and 10 of the Superseding Indictment. Additionally, defendant's criminal history belies his claims that he is not a danger to the community. Defendant has been convicted of passing bad checks on a number of occasions; and although the government dismissed the charges, he was charged in this case with threatening witnesses in another case involving one of the defendants in this case. Moreover, in the trial in this case, there was evidence that defendant intimidated an employee at an income tax preparer's office. The employee testified that the defendant intimidated and pressured her into transmitting an materially incomplete tax return to a financial institution, which defendant then used as a verification of his income. There was further evidence that defendant never provided the tax preparer with complete information and that he has failed to pay taxes for a number of years, despite income statements indicating that he had a substantial amount of money.

Defendant argues that he should be released because the time he has spent in custody is equal to any potential sentence under the guidelines. This argument however, has been found unpersuasive by the Tenth Circuit in *United States v. Lawrence*.[6] In that case, the Tenth Circuit noted that a court could not assume that defendant would obtain a sentence equal to, or less than the time already spent in custody because *Booker* made the guidelines informative; therefore, the Court has the discretion to fashion a sentence outside of any guideline range.[7] Moreover, this Court is not in a position to predict with any reasonable certainty what the defendant's advisory

---

[6] 126 F. Appx, 447 (10th Cir. Mar. 25, 2005).

[7] *Id.* at 448.

guideline range will be. This is a case involving a substantial number of transactions, some of which may or may not be attributable to the defendant, as well as a number of other transactions that may or may not be relevant conduct. There are also a number of aggravating circumstances that may result in much higher advisory guideline sentence than defendant's wistful estimates indicate.

Defendant's next argument is that there is no evidence to show that he threatened any witness and that the government's reliance on the alleged threat to the Hayeses was proven false because the government dropped the charge before trial. But, as the government explains, the charges were not dropped for a lack of evidence but for some other strategy that took precedent at trial. Indeed, since the threat pertained to witnesses in *another* pending criminal case and not this one, there was some question as to whether that charge was properly joined with the charges in this case. Furthermore, the burden on defendant at this stage is to overcome the presumption of detention. Defendant has not overcome that burden in that the allegations underlying the now dismissed charge of witness intimidation, coupled with the evidence at trial about his intimidating the employee at the tax preparation office, suggest that there is a risk of safety to the community.

Defendant presented evidence that he does not present a risk of flight. If released, he could live and work on his parents' property; they own a business in which he could work. But, the Court is not convinced that his parents could control the defendant's whereabouts, nor his financial activities and transactions. And, the defendant has a considerable history of causing financial harm. Moreover, the defendant has showed no reluctance to lie to authoritative bodies, such as the Missouri and Kansas real estate commissions for purposes of obtaining or

maintaining his real estate license.  In short, the Court cannot by any stretch find by clear and convincing evidence that the defendant does not pose a risk of flight or a risk of safety to the community.  Based on all the evidence, the Court finds that defendant has not met his burden of showing by clear and convincing evidence that he is not flight risk or a danger to the community.  Accordingly, his motion is denied.

IT IS THEREFORE ORDERED THAT defendant's Motion for Release Pending Sentencing (Doc. 298) is denied.

IT IS SO ORDERED.

Dated:  June 2, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE